IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RHONDA JENNINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-526-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Before the court is the 28 U.S.C. § 2255 motion filed on June 21, 2016, by federal inmate Rhonda Jennings ("Jennings"). (Doc. # 2.) Jennings contends that the U.S. Supreme Court's holding in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015),[1] invalidates her 2005 conviction for possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). *See*

---

[1] In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague because it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." 135 S. Ct. at 2557. The portion of the ACCA that the Court found unconstitutionally vague defined "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. at 2555–56 (emphasis omitted) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

*United States v. Jennings*, No. 2:05cr104-WHA (M.D. Ala. Dec. 1, 2005).[2] For the reasons that follow, Jennings's motion is due to be dismissed as a successive section 2255 motion.

## II. DISCUSSION

This is the second section 2255 motion filed by Jennings attacking the judgment of conviction and sentence in Case No. 2:05cr104-WHA. Jennings filed her first section 2255 motion in August 2012. *See Jennings v. United States*, Civil Action No. 2:12cv715-WHA (M.D. Ala. Aug. 20, 2012) (Doc. # 1). On September 19, 2014, the court denied Jennings's section 2255 motion and dismissed her action with prejudice on grounds that the motion was time-barred under the one-year limitation period in 28 U.S.C. § 2255(f). *Id.* (Docs. # 6–8 (Recommendation of Magistrate Judge; Order adopting Recommendation; and Final Judgment)).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive section 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court then must certify that the second or successive section 2255 motion contains

---

[2] In the same proceeding, Jennings also pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. *See* No. 2:05cr104-WHA. She was sentenced to 121 months' imprisonment on the conspiracy count and a consecutive 60-month term on the § 924(c) count.

"(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

"The bar on second or successive [section 2255] motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive section 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). For purposes of the AEDPA's successive-motion rules, the dismissal of an initial section 2255 motion as untimely counts and renders a subsequent section 2255 motion "successive." *See, e.g.*, *Villanueva v. United States*, 346 F.3d 55, 58 (2d Cir. 2003) ("We . . . hold that a first § 2255 petition that has properly been dismissed as time-barred under AEDPA has been adjudicated on the merits, such that authorization from this court is required before filing a second or successive § 2255 petition."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("We hold today that a prior untimely petition does count [for purposes of 28 U.S.C. § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").

On September 12, 2016, the government asserted that Jennings had "failed to obtained the necessary certification from the Eleventh Circuit" to file a successive section 2255 motion. (Doc. # 13, at 4.) On September 14, 2016, the court entered an order directing Jennings to show cause why her section 2255 motion "should not be dismissed as successive and filed without Eleventh circuit authorization." (Doc. # 16, at 1.) Jennings did not respond to the court's order.

Jennings has not provided the required certification from the Eleventh Circuit, and there is no indication in the record that Jennings has obtained the required certification authorizing this court to consider her successive section 2255 motion. Accordingly, this court lacks jurisdiction to consider Jennings's present section 2255 motion, and the motion is due to be dismissed for lack of jurisdiction. *See, e.g.*, *Farris*, 333 F.3d at 1216; *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III. CONCLUSION

Based on the foregoing, it is ORDERED that Petitioner's section 2255 motion is DISMISSED for lack of jurisdiction.

An appropriate final judgment will be entered separately.

DONE this 8th day of January, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE